122 F.3d 1070
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
FARM CREDIT BANK OF SPOKANE, a corporation successor by
merger to The Federal Land Bank of Spokane,
Plaintiff-Appellee,
v.
James C. MEYERS, Defendant-Appellant.
 No. 96-35795.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 25, 1997.**
Decided Aug. 28, 1997.
 
 Appeal from the United States District Court for the District of Montana Paul G. Hatfield, District Judge, Presiding
 Before: SCHROEDER, FERNANDEZ, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 James C. Meyers appeals pro se the district court's judgment and decree of foreclosure in an action brought by the Farm Credit Bank of Spokane ("FCB") when Meyers defaulted on two loans from FCB's predecessor in interest. We have jurisdiction pursuant to 28 U.S.C. § 1291.[1] We review de novo a district court's grant of summary judgment, see Bagdadi v. Nazar, 84 F.3d 1194, 1197 (9th Cir.1996), and we affirm.
 
 
 3
 Meyers contends that the district court erred by granting summary judgment on his claim that he was denied due process. We disagree. Although FCB is subject to extensive federal regulation, there is no federal action sufficient to invoke the due process clause of the Fifth Amendment. See Fidelity Financial Corp. v. Federal Home Loan Bank, 792 F.2d 1432, 1435 (9th Cir.1986).
 
 
 4
 With respect to Meyers's contention that FCB falsified documents and had a conflict of interest, we agree with the district court that Meyers "has failed to advance any cogent arguments, supported by persuasive authority, establishing the validity of the purported defenses to FCB's foreclosure actions." Meyers's argument that the judgment and decree of foreclosure requires his property to be sold in the smallest recognizable parcels, of which he claims there are eleven is, at best, irrelevant.
 
 
 5
 Meyers argues that the deficiency clause in the judgment and decree of foreclosure, which attaches "until fully paid," can be executed upon only for six years. However, Montana law provides that, after six years, the judgment may be enforced by leave of the court. See Mont.Code Ann. § 25-13-102. Although Meyers argues he was denied a right of first refusal, Montana law no longer requires that a holder of foreclosed agricultural land make a good faith offer to lease the land to the immediately preceding owner. See 1987 Montana Laws, Chap. 472 (noting that "no right of first refusal under this act may accrue after June 30, 1991"). Meyers is also mistaken that the judgment illegally divests him of his stock in the Farm Credit System; FCB has the first lien on Meyers's stock for payment of his liability. See 12 U.S.C. § 2022.
 
 
 6
 Meyers further argues that FCB was allowed to draft the judgment and decree of foreclosure "out of hand." On the contrary, the district court directed FCB to submit a proposed judgment, see Fed.R.Civ.P. 58, and Meyers took the opportunity to object to this before the district court entered the judgment and decree of foreclosure. Meyers also argues that the judgment and decree of foreclosure "makes no provisions for state law, which should be considered," and that his property was stolen from him. Both of these arguments are wholly without merit.
 
 
 7
 Finally, Meyers contends that the district court improperly denied or failed to rule on various motions. We find no error in the district court's rulings on motions.
 
 
 8
 All pending motions are denied.
 
 
 9
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4. Accordingly, Meyers's requests for oral argument are denied
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Appellee's contentions that we lack jurisdiction for this appeal are without merit. Meyers's notice of appeal was timely. See Fed. R.App. P. 4(a)(4). This appeal is not moot. See Mont.Code Ann. § 25-13-802 (1996); Ewell v. Diebert, 958 F.2d 276, 280 (9th Cir.1992)